THIBODEAUX, Chief Judge,
dissenting.
hAn appellate court must give proper deference to the factual findings and credibility determinations of a trial court. Rosell v. ESCO, 549 So.2d 840 (La.1989). That principle is so well-entrenched that a citation is hardly required. That principle, however, need not be adhered to if documents or objective evidence so greatly preponderate that manifest error may exists. Butler v. Zapata Haynie, 92-71 (La.App. 3 Cir. 2/23/94), 633 So.2d 1274. A reading of the record in its entirety convinces me that the jury was manifestly erroneous in failing to find the existence of an injury.
Mrs. Roach was examined by Dr. Rag-gio in August 2001 with complaints of neck pain and numbness and tingling in the hand. Dr. Raggio reviewed a December 2000 MRI performed by Dr. Sconzert, a neurologist. The MRI showed a disc abnormality at the C5-6 level on the right side and the narrowing and deterioration of the disc at C4-5. This MRI was administered before the July 2001 accident. According to Dr. Raggio, the MRI findings of December 2000 were consistent with what he visually observed during surgery, i.e., a disc abnormality at C5-6. Dr. Raggio’s Medical Provider Lien noted that the injuries for which Mrs. Roach was being treated were injuries that occurred in October 2000. Granted, Dr. LRaggio’s testimony was somewhat equivocal. For instance, he testified that, other than the history given *733 by Mrs. Roach, he could not formulate an opinion on an injury occurring in October 2000. Further, during cross-examination, he could not say whether the MRI findings were caused by the October 21, 2000 accident. However, on re-direct examination, the following was elicited:
Q. The October 2000 accident, if the patient in this case reports a continuous unbroken chain of problems from the October 2000 accident all the way through to the 2006 surgery and you accept that as true, then you would maintain your opinion that the accident caused these problems and the need for surgery, correct?
A. I think it is part of the causation, yes. I mean, I think if there are other things that occurred of a traumatic nature, they were probably contributory.
State Farm chose not to call any witnesses. Thus, Mrs. Roach’s testimony went unchallenged. Dr. Raggio, in part, relied on her history and the objective evidence to formulate an opinion on causation. Where there is no sound reason for the rejection of testimony, an appellate court is not required to affirm “the trier of fact’s refusal to accept as credible uncon-tradicted testimony or greatly preponderant objectively-corroborated testimony....” Mart v. Hill, 505 So.2d 1120, 1127.
For the foregoing reasons, I respectfully dissent. I would find the existence of an injury and award appropriate damages consistent with the medical evidence.